

U. S. Department of Justice

*United States Attorney*
*Central District of California*

*Mark R. Yohalem*
*Assistant United States Attorney*
*Criminal Appeals Section*
*mark.yohalem@usdoj.gov*

*1000 United States Courthouse*
*312 North Spring Street*
*Los Angeles, California 90012*
*(213) 894-2686*

July 31, 2014

Molly Dwyer
Clerk of Court
U.S. Court of Appeals
P.O. Box 193939
San Francisco, CA 94119-3939

Re:   *United States v. Apel,* Nos. 11-50003, 11-50004, 11-50005
      (Argued and Submitted PAS—April 13, 2012)
      (Judges Silverman, Rawlinson, and Tunheim)

Dear Ms. Dwyer:

      On February 26, 2014, in *United States v. Apel*, 134 S. Ct. 1144 (2014), the Supreme Court unanimously vacated this Court's *per curiam* opinion in *United States v. Apel*, 676 F.3d 1202 (9th Cir. 2012). The Supreme Court rejected this Court's interpretation of 18 U.S.C. § 1382 and found that the statute applied here. The Supreme Court remanded so that this Court could resolve defendant's second claim on appeal, namely that the First Amendment protected his activities. *See Apel*, 134 S. Ct. at 1153.

      The First Amendment issue was fully briefed to this Court by the parties and fully addressed at oral argument before the panel; the panel did not reach the issue, however, because it resolved the case on statutory grounds. As noted at pages 30 to 31 of the government's answering brief, since the Supreme Court's decision in *Greer v. Spock*, 424 U.S. 828, 851 (1976), only once has a Court of Appeals upheld a First Amendment defense to § 1382: this Court, in a decision that the Supreme Court reversed in *United States v. Albertini*, 472 U.S. 675, 684-86 (1985), as "not plausibl[e]" and "miss[ing] the point." By contrast, as the brief explained, at least ten published appellate decisions since *Greer*—some from this Circuit—have rejected a First Amendment defense to § 1382, and numerous others have rejected First Amendment claims on military bases in non-criminal contexts.

*United States v. Apel*, Nos. 11-50003++
July 31, 2014
Page 2 of 2

  Given that the issue is relatively straightforward, fully briefed and argued, and soundly controlled by overwhelming precedent, the government respectfully asks this Court to issue a decision resolving the claim and affirming defendant's convictions. To the extent further briefing or argument is needed, the government respectfully asks that the Court issue an order calling for such briefing and scheduling such argument at some date certain. As it currently stands, the lack of final resolution of this case is significantly amplifying the complexity of enforcing § 1382 at Vandenberg Air Force Base because defendants are asserting the same First Amendment defense pending in this appeal. As the government has consistently explained to the Court, and as the Supreme Court agreed, § 1382 plays an integral role in base security, and a final decision in this case is important to creating certainty about § 1382's enforceability.

  Very truly yours,

ANDRÉ BIROTTE JR.
United States Attorney

/s/ *Mark R. Yohalem*
MARK R. YOHALEM
Assistant United States Attorney